An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ETHICARE REVENUE CYCLE
MANAGEMENT, INC., A NEVADA
CORPORATION,
Appellant,
vs.
BOULDER CITY HOSPITAL, INC., A
NEVADA NONPROFIT
CORPORATION,
Respondent.

No. 64899

FILED

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a breach of contract action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Having considered the arguments and record, we perceive no error in the district court's judgment. *Galardi v. Naples Polaris, LLC*, 129 Nev. Adv. Op. No. 33, 301 P.3d 364, 366-67 (2013) (explaining that this court reviews de novo a district court summary judgment in a case concerning contract interpretation); *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 487-88, 117 P.3d 219, 223-24 (2005) (construing an unambiguous contract according to its plain language); *Wood v. Safeway, Inc.*, 121 Nev. 724, 731-32, 121 P.3d 1026, 1031 (2005) (setting forth summary judgment standards).

In this case, the contract stated that respondent had "the sole discretion whether to rebill" patients for possible undercharges identified by appellant, and thus the district court properly determined that respondent's decision not to rebill was permissible under the contract. Although appellant argues that a breach nevertheless occurred because

Supreme Court
OF
Nevada

(O) 1947A

15-15449

the contract also required respondent to "afford its best efforts in rebilling," respondent presented evidence that it made a cost-benefit assessment and determined that rebilling would not be feasible, making summary judgment proper on appellant's breach of contract and bad faith claims, which were grounded on respondent's decision not to rebill.[1] And because the parties had a valid written contract, summary judgment was also appropriate on appellant's unjust enrichment claim. *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997) (noting that "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Kenneth C. Cory, District Judge
Stephen E. Haberfeld, Settlement Judge
Law Office of Malik W. Ahmad
Jolley Urga Wirth Woodbury & Little
Eighth District Court Clerk

---

[1]We likewise are not persuaded by appellant's alternative argument that the contract was ambiguous by virtue of giving respondent both the discretion to rebill and requiring it to use its best efforts. *Galardi*, 129 Nev. Adv. Op. 33, 301 P.3d at 366 (noting that a contract will not be considered ambiguous "simply because the parties disagree on how to interpret" it).

We have considered appellant's remaining arguments and conclude that they do not warrant reversal.